Filed 1/5/23  Cal. State Dept. of State Hospitals v. R.M. CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| CALIFORNIA STATE DEPARTMENT OF STATE HOSPITALS,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>R.M.<br><br>    Defendant and Appellant. | 2d Crim. No. B323507<br>(Super. Ct. No. 22MH-0185)<br>(San Luis Obispo County) |

R.M. appeals an order authorizing the California State Department of State Hospitals to involuntarily treat him with antipsychotic medication.  The trial court found he is incompetent to make decisions about his own medical treatment.  (Welf. & Inst. Code, § 5300; *In re Qawi* (2004) 32 Cal.4th 1.)  R.M. was

committed for treatment in 2020 pursuant to Penal Code section 2962.

We appointed counsel to represent R.M. on this appeal. After examination of the record, his counsel filed an opening brief pursuant to *People v. Taylor* (2008) 160 Cal.App.4th 304.)

R.M. submitted a supplemental brief. He claims the order to involuntarily treat him with antipsychotic medication is invalid and it violates his right to religious freedom. But his short letter brief does not cite to the evidence in the record or show why the trial court's findings are not supported by the record.

"A competent adult has a constitutional and common law right to refuse even necessary medical treatment." (*In re Greenshields* (2014) 227 Cal.App.4th 1284, 1289.) But mentally ill people may be committed for involuntary medication treatment where they are not competent to make medication decisions to refuse necessary antipsychotic medication. (*Ibid*.) A defendant who claims antipsychotic medication orders violate his religious freedom must present sufficient evidence to support that claim. (*Id*. at p. 1294.)

Doctor David Fennell testified R.M. suffers from schizophrenia and he has been subject to involuntary medication orders since 2019. R.M. does not understand the nature of his mental illness. His "hyperreligiosity is a symptom" of his mental disorder of schizophrenia. He lacks the capacity to make "informed decisions about his medication." "He was gravely disabled when he was off medications." The "introduction of psychotropic medication" enabled him to be "organized in his thinking."

R.M. testified the "*Qawi* involuntary medication order substantially impairs [his] religious belief." He said because of the "vow of the Nazarite," he must abstain from wine or alcohol.

The trial court found R.M. is incapable of making decisions about his treatment and his medication. R.M. does not realize that the drug that is being administered "is having a beneficial effect on him." The court also found that his claim that the drug violated his sincere religious belief was not credible. We do not decide witness credibility. That is a matter exclusively decided by the trial court. (*People v. Ochoa* (1993) 6 Cal.4th 1199, 1203.) The court said, "[T]he drug they're giving him is not alcohol. [I]t does not sound like it violates anything in the Bible." The court found R.M.'s testimony was not sufficient to support a valid "religious exemption to the administration of the drugs that are deemed necessary." R.M. has not shown that finding is not supported by the record. Fennell testified R.M.'s religious claims are a "symptom" of his mental illness.

DISPOSITION

The order is affirmed.

NOT TO BE PUBLISHED.


GILBERT, P. J.

We concur:


YEGAN, J.


BALTODANO, J.

3

Donald G. Umhofer, Judge

Superior Court County of San Luis Obispo

_____

Christian C. Buckley, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.